Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5727 | **DATE** | 12/18/2000 |
| **CASE TITLE** | Kathryne E. Cebertowicz vs. Motorola, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Motorola's motion to dismiss is denied, but only on condition that Cebertowicz must amend Complaint paragraphs 5 and 6 by a filing this Court's chambers on or before December 26, 2000. Motorola will then be allowed 14 days to answer those amended paragraphs of the Complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 22 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 12/18/2000 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHRYNE E. CEBERTOWICZ, )
)
        Plaintiff, )
)
v. ) No. 00 C 5727
)
MOTOROLA, INC., )
)
        Defendant. )

DEC 22 2000

## MEMORANDUM ORDER

Motorola, Inc. ("Motorola") has, as directed by this Court's November 22, 2000 memorandum order (the "Order"), filed a motion to dismiss this Americans with Disabilities Act ("ADA") Complaint brought against it by Kathryne Cebertowicz ("Cebertowicz"). As had been signaled by Motorola's Second Affirmative Defense included in its Answer (an affirmative defense that the Order struck as not being in conformity with Fed. R. Civ. P. ("Rule") 8(c) and the caselaw applying that rule), Motorola's Rule 12(b)(6) motion is based on Cebertowicz' claimed tardiness in having filed her charge of discrimination with EEOC (a precondition to bringing suit under ADA).

As this Court further directed after Motorola's motion was in hand, Cebertowicz has now filed a memorandum of law in opposition to the motion. But that responsive memorandum appears to this Court to shift from the position that Cebertowicz advances in her Complaint, which speaks of her having apprised Motorola of her claimed disability back in September 1997, after

which Motorola had refused to provide her with reasonable accommodations as ADA would require--here are Complaint ¶¶5 and 6:

> 5. On or about September 9, 1997, plaintiff submitted to the defendant a doctor's note which identified what accommodations the plaintiff needed to continue to work in her position as a factory worker.
>
> 6. The plaintiff could have continued working as a factory worker but for the fact that defendant refused to provide reasonable accommodations and placed plaintiff in a temporary, alternate duty position in its Customer Finance Department.

Now, though, Cebertowicz says that when Motorola placed her in that temporary alternative duty position outside of the factory, it did provide her with an accommodation such that she "sustained no 'injury' at that time" (Cebertowicz' Mem. 2). That must be read, even though Complaint ¶6 appears to say otherwise, as an acknowledgment--an admission--by Cebertowicz that Motorola's earlier action was a reasonable accommodation to her claimed disability, so that she was not the victim of employment discrimination until early 1999 (when the alternate duty position was taken away). And if that is indeed the case, both her EEOC charge and this action have been timely filed.

There is of course a problem in that respect: Pleadings cannot be amended by legal memoranda (see, e.g., such cases as Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) and cases cited there; accord, Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996)). Accordingly

2

Motorola's motion to dismiss is denied, but <u>only</u> on condition that Cebertowicz must amend Complaint ¶¶5 and 6 by a filing in this Court's chambers (with a copy of course to Motorola's counsel) on or before December 26, 2000.[1] Motorola will then be allowed 14 days to answer those amended paragraphs of the Complaint.

                                           _/s/ Milton I. Shadur_
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: December 18, 2000

---

[1] If Cebertowicz were not to do so, instead adhering to the present Complaint ¶6 allegation that Motorola refused to provide reasonable accommodations for her disability back in 1997, it would appear that Motorola's Rule 12(b)(6) motion, based on her failure to pursue her administrative remedies then, would have to be granted.

3